_____ FILED    _____ ENTERED
_____ LOGGED   _____ RECEIVED

MAY 0 4 2015

AT GREENBELT
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * |
| | * Case No. 13-mj-1279 |
| v. | * |
| | * |
| KEVIN L. GLENN, | * |
| | * |
| Defendant | * |

************

## MEMORANDUM OPINION AND ORDER OF COURT

This matter is before the Court on Defendant's request to expunge his criminal conviction for possession of marijuana. No hearing is necessary. L.R. 105.6.

On September 16, 2013, Defendant was convicted of possession of marijuana in violation of 36 C.F.R. § 2.35(b)(2) and was placed on probation for one year. Defendant now seeks expungement of his criminal conviction because he "need[s] [his] record [expunged]."

Because there is no applicable statute providing for expungement in a case such as this one, the only available jurisdictional basis is the doctrine of ancillary jurisdiction. *United States v. McKnight*, 33 F. Supp. 3d 577, 580 (D. Md. 2014).

> [F]ederal courts generally may invoke the doctrine of ancillary jurisdiction in two circumstances: (1) where necessary to permit disposition by a single court of claims that are factually interdependent; and (2) "to enable a court to function successfully, that is, to manage its proceeding, vindicate its authority, and effectuate its decrees."

*Id.* (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

Here, the adjudicative facts underlying Defendant's conviction are not interdependent with the equitable considerations raised by Defendant's request for expungement. *See United*

*States v. Harris*, 847 F. Supp. 2d 828, 834 (D. Md. 2012). Further, expungement of Defendant's criminal conviction runs contrary to a federal court's ability to vindicate its authority and effectuate its decrees. *See id.* at 834-35; *United States v. Mitchell*, 683 F. Supp. 2d 427, 432-33 (E.D. Va. 2010). Because the Court accordingly lacks ancillary jurisdiction, Defendant's request to expunge his criminal conviction is **DENIED**.

Date: May 1, 2015                                        /s/
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge

footer 2